Rene **DURIEUX–RODRIGUEZ**
Plaintiff

v.

Pedro Toledo **DAVILA**, and the conjugal partnership composed by him and Helen Hoe; Pol. Elvin Aviles Arocho, and the conjugal partnership composed by him and Jane Doe; Sonia Noemi Gonzalez Caraballo; Mayra Iris Maldonado Rivera; Pablo Javier Lopez Robles, and the conjugal partnership composed by him and Fulana de Tal; Hector Rivera Pagan, and the conjugal partnership composed by him and Mary Moe; David Feliciano, and the conjugal partnership composed by him and Patricia Poe; Lt. Edwin Lebron Serrano, and the conjugal partnership composed by him and Susan Soe; Sgt. Adalberto Fontanez Rodriguez, and the conjugal partnership composed by him and Jenny Joe; Capt. Laureano Laracuente Pacheco, and the conjugal partnership composed by him and Amy Loe, all sued in their personal capacity Defendants

No. CIV. 99–2344CCC.

United States District Court,
D. Puerto Rico.

March 30, 2001.

---

Frank D. Inserni, for Plaintiff.

Anabelle Rodríguez, Secretary of Justice, Commonwealth of Puerto Rico, By Salvador J. Antonetti–Stutts, Director, Federal Litigation Division, By Laura Beléndez–Ferrero, for Defendants.

CEREZO, District Judge.

### ORDER

Presently before the Court is co-defendant Laureano Laracuente–Pacheco's Motion to Dismiss for Failure to State a Claim upon Which Relief can be Granted and Lack of Personal Jurisdiction pursuant to Rules 12(b)(6) Fed.R.Civ.P. (**docket entry 16**),and plaintiff's opposition (**docket entry 26**). Movant Laracuente–Pacheco contends that: (1) plaintiff has failed to sufficiently plead the necessary showing as to the existence of a causal connection between the acts and/or omissions allegedly committed by the appearing defendant, Laureano Laracuente–Pacheco, so as to make him liable under Section 1983 and (2) he is shielded by qualified immunity. *See* Motion to Dismiss at pp. 4, 6–7.

Section 1983 provides that [1]:

"Every person who, under color of any statute, ordinance, regulation, custom or

1.  42 U.S.C. § 1983

usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proceeding for redress."

Section 1983 supplies a private right of action against a person who, under color of state law, deprives another of rights secured by the Constitution or by federal law. *Evans v. Avery,* 100 F.3d 1033, 1036 (1st Cir.1996). To establish a section 1983 claim plaintiff must establish that: (1) the conduct complained of was committed by the defendant acting under color of state law; (2) the defendant's conduct deprived claimant of his/her rights, privileges, or immunities secured by the Constitution or laws of the United States; and (3) the defendant's conduct caused this deprivation. *Rodriguez–Oquendo v. Toledo–Davila,* 39 F.Supp.2d 127, 132 (D.Puerto Rico 1999).

■ The link between the deprivation and the defendant's conduct may be established not only by direct personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury. *Gutierrez–Rodriguez v. Cartagena,* 882 F.2d 553, 560–61 (1st Cir.1989).

■ A review of the complaint shows that plaintiff has failed to establish a section 1983 claim against defendant Laracuente–Pacheco. The allegations contained in the complaint, as to movant, go as follows:

¶ 55. Lt. Laureano Laracuente negligently contributed to cover up the facts which give rise to administrative as well as criminal complaints against the defendants mentioned above. In the course of his administrative investigation he recklessly disregarded essential facts and failed to make basic inquiries with paramedics involving the brutal attack by the defendants against plaintiff.

¶ 56. Such negligent disregard of basic facts in an administrative investigation which eventually was closed and which showed serious inconsistencies contributed to a cover up of the constitutional violations against plaintiff, thus making his administrative investigation a continuation of the cover up of what really happened to plaintiff. Said acts and omissions, under color of law and acting as a supervisory official of the Police of Puerto Rico, constitute a callous and/or reckless disregard and/or deliberate indifference to plaintiff's constitutional rights for which he is entitled to punitive damages.

¶ 57. As a result of LT. Laureano Laracuente's negligent investigation, its delay and major omissions and final resolution whereby the defendants that brutally attacked plaintiff and covered up the attack were exonerated, plaintiff has suffered distress, emotional damages, paranoia and violations to his Fifth Amendment right to a due process of law.

Plaintiff not only failed to specifically allege that movant had an active role in the events that allegedly led to the violation of plaintiff's constitutional rights, but also failed to allege that defendant Laracuente–Pacheco set in motion a series of acts which he knew or reasonably should have known would cause the participating police officers to violate plaintiff's constitutional rights. Defendant's after the fact administrative investigation could not have contributed to plaintiff's constitutional deprivation arising from the assault since it took place after claimant had already been

physically assaulted by other police officers. Simply stated, the facts alleged in the complaint fail to establish the necessary link between plaintiff's constitutional deprivation and the defendant's conduct. *Rodriguez–Oquendo, supra.*

■ Plaintiff has also failed to properly articulate a due process claim under the Fifth Amendment.[2] The complaint, at paragraph 57 alleges that movant's negligent investigation violated plaintiff's right to a due process of law. The Supreme Court in *Daniels v. Williams,* 474 U.S. 327, 328, 106 S.Ct. 662, 663, 88 L.Ed.2d 662 (1986), held that: "...the Due Process Clause is not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property." *See also DeShaney v. Winnebago County DSS,* 489 U.S. 189, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989), *Daniels* also concluded that the due process clause applies only to those circumstances where the state actor has deliberately intended to deprive a person of life, liberty, or property. *Daniels,* supra, at p. 665. A review of the allegations contained in the complaint establish that plaintiff failed to allege that defendant Larracuente Pacheco **deliberately** intended to deprive him of his life, property, or liberty interests.

Although the complaint must be construed in the light must favorable to the plaintiff, a motion to dismiss for failure to state a claim must be granted, if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45, 78 S.Ct. 99, 102, 2

L.Ed.2d 80 (1957). As a rule, the plaintiff cannot rest on 'subjective characterization' or conclusory descriptions of a general scenario to support his claim. *Judge v. City of Lowell,* 160 F.3d 67, 77 (1st Cir.1998).

In view of the foregoing, the Motion to Dismiss filed by defendant Laureano Laracuente–Pacheco (**docket entry 16**) is hereby GRANTED.

SO ORDERED.

### PARTIAL JUDGMENT

Pursuant to our Order of this same date this action is hereby DISMISSED as to co-defendant Laureano Laracuente–Pacheco.

SO ORDERED AND ADJUDGED.

---

**2.** The Fifth Amendment provides that: "No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger; nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation."